IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Carlo L. Morton, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 6:23-cv-4570-BHH |
| v. ) | |
| ) | **ORDER** |
| J.P. Morgan Chase & Co., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Carlo Morton's ("Plaintiff") *pro se* complaint against the above-named Defendant. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

After reviewing Plaintiff's complaint, the Magistrate Judge issued an order on October 18, 2023, notifying Plaintiff that his complaint was subject to dismissal for lack of subject matter jurisdiction and giving Plaintiff 21 days to file an amended complaint to cure the deficiencies. (ECF No. 18.) Plaintiff filed an amended complaint on November 2, 2023, along with a number of exhibits, which the Magistrate Judge considered as part of the amended complaint. (*See* ECF No. 20 through 20-3.)

After reviewing Plaintiff's amended complaint, the Magistrate Judge issued a Report and Recommendation ("Report") on November 21, 2023, outlining the issues and recommending that the Court dismiss this action without further leave to amend for lack of subject matter jurisdiction. (ECF No. 23.) Specifically, the Magistrate Judge found that federal question jurisdiction does not exist, explaining that neither of the statutes cited by Plaintiff–28 U.S.C. § 1332(d)(9)(C) and 12 U.S.C. § 412–provides a basis for the Court to

exercise federal question jurisdiction. The Magistrate Judge also found that Plaintiff's amended complaint fails to allege facts to establish that diversity jurisdiction exists. (*See id.* at 6-11.) Finally, the Magistrate Judge explained that, because Plaintiff has been afforded the opportunity to amend but failed to correct the identified pleading deficiencies, this action should be dismissed without further leave to amend.

Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. Plaintiff filed objections on December 5, 2023, and the matter is ripe for review. (ECF No. 26.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

**DISCUSSION**

In his one-page objections, Plaintiff requests another opportunity to amend his complaint and asserts that he "will provide a more detailed explanation of the federal statutes mentioned, clarifying their relevance to the claim." (ECF No. 26 at 1.) Plaintiff further asserts that he understands "the importance of clearly articulating the basis for federal jurisdiction," and indicates that an amended complaint "will be presented in a more organized and comprehensible manner." (*Id.*)

After review, the Court finds Plaintiff's objections entirely unavailing. First, nowhere in his objections does he specifically respond to the Magistrate Judge's legal analysis or otherwise point to any error in the Report. Rather, he simply requests the opportunity to amend but offers no additional information to explain how *another* amendment will cure the identified jurisdictional deficiency. As the Magistrate Judge correctly determined, the two federal statutes upon which Plaintiff relies simply do not provide a basis for this Court to exercise federal question jurisdiction.

First, 28 U.S.C. § 1332(d), which codifies the jurisdictional provisions of the Class Action Fairness Act ("CAFA") plainly does not apply, as this case does not involve a class action claim. Furthermore, the specific subsection cited by Plaintiff, 1332(d)(9)(C), provides a securities-related exception to CAFA's grant of federal subject matter jurisdiction, which is an exception *limiting* jurisdiction and not a basis for jurisdiction.

Second, 12 U.S.C. § 412, the other statute cited by Plaintiff, is part of the Federal Reserve Act and does not create a private right of action and thus cannot confer federal question jurisdiction.

Finally, nowhere in his objections does Plaintiff identify any other basis for the Court

to exercise federal question jurisdiction, and he still offers no facts to support a finding that diversity jurisdiction exists. Ultimately, the Court finds no error in the Magistrate Judge's analysis, and the Court agrees with the Magistrate Judge that Plaintiff has failed to allege any facts to establish that this Court has subject matter jurisdiction over his claims. Nor does the Court find that Plaintiff should be given another opportunity to amend his complaint because it appears that another amended complaint would be futile for the same reasons outlined in the Report and in this order.

## CONCLUSION

Based on the foregoing, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 23); the Court overrules Plaintiff's objections (ECF No. 26); and the Court dismisses Plaintiff's amended complaint without prejudice,[1] without issuance and service of process, and without further leave to amend.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

February 1, 2024
Charleston, South Carolina

---

[1] *See Platts v. O'Brien*, 691 F. App'x. 774 (4th Cir. 2017) (citing *S. Walk at Broadlands Home-owner's Ass'n v. OpenBand at Broadlands*, LLC, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for . . . [a] defect in subject matter jurisdiction[] must be one without prejudice because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits.")).